SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Jason Ahmed Parker,        )    No. CV 13-0129-PHX-DGC (SPL)
                      )
        Plaintiff,    )    **ORDER**
                      )
vs.                   )
                      )
Joseph M. Arpaio,        )
                      )
        Defendant.   )
_____)

      Plaintiff Jason Ahmed Parker, who is confined in the Maricopa County Tent City Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.  The Court will dismiss the Complaint with leave to amend.

**I.**    **Application to Proceed *In Forma Pauperis* and Filing Fee**

      Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.**    **Statutory Screening of Prisoner Complaints**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would

undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

**III.    Complaint**

Plaintiff alleges three counts for denial of necessities and retaliation.  He sues only Maricopa County Sheriff Joseph M. Arpaio.  Plaintiff seeks compensatory relief.

**Background**

On August 28, 2012, Plaintiff was sentenced in Maricopa County Superior Court case CR2009-138046 to serve 195 days in jail beginning that day, and not to be released until March 11, 2013, with probation also to expire on March 11, 2013.[1]

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  <u>Wood v. Outlander</u>, 879 F.2d 583, 587 (9th Cir. 1989).  Negligence is not sufficient to state a claim under § 1983.  <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986).  In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).

**A.    Arpaio**

Plaintiff sues only Sheriff Arpaio.  While Arpaio may be sued, Plaintiff fails to state a claim against him.

To state a claim against a defendant, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his

---

[1] <u>See</u> http://www.courtminutes.maricopa.gov/docs/Criminal/082012/m5396057.pdf (last visited June 7, 2013).

civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See <u>Cortez v. County of Los Angeles</u>, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691 (1978); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.  In addition, where a defendant's only involvement in allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy the alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983.  See <u>Shehee v. Luttrell</u>, 199 F.3d 295, 300 (6th Cir. 1999); <u>accord</u> <u>Proctor v. Applegate</u>, 661 F.Supp.2d 743, 765 (W.D. Mich. 2009); <u>Stocker v. Warden</u>, No. 1:07-CV-00589, 2009 WL 981323, at *10 (E.D. Cal. Apr. 13, 2009); <u>Mintun v. Blades</u>, No. CV-06-139, 2008 WL 711636, at *7 (D. Idaho Mar. 14, 2008); <u>see also</u> <u>Gregory v. City of Louisville,</u> 444 F.3d 725, 751 (6th Cir. 2006) (a plaintiff must allege that a supervisor defendant did more than play a passive role in an alleged violation or mere tacit approval thereof; a plaintiff must allege that the supervisor defendant somehow encouraged or condoned the actions of their subordinates).

Plaintiff fails to allege facts to support that Arpaio directly violated his constitutional rights.  Plaintiff also fails to allege facts to support that his constitutional rights were violated as a result of a policy or practice endorsed or promulgated by Arpaio.  Accordingly, Plaintiff fails to state a claim against Arpaio and he will be dismissed.

**B.    Count I**

Plaintiff designates Count I as a claim for denial of basic necessities based on the following allegations: at some point during his incarceration since September 2012, detention officers woke Plaintiff early using vulgar and threatening language to rouse him and other

1    inmates.  After working eight hours, Plaintiff and other inmates were locked down and lost

2    telephone and day room privileges.   Certain second shift officers were abusive and

3    "parade[d] around with intent to use excessive force." (Doc. 1 at 3.) Second shift sergeants

4    allowed "many of these occurrences" on second shift.  (Id.)  During his incarceration,

5    Plaintiff was subject to harassment, unfairness, disrespect, intimidation, and abuse of

6    authority by officers.

7          Plaintiff fails to allege facts that rise to the level of a constitutional violation.  Verbal

8    threats or abuse, absent more, do not rise to the level of a constitutional violation.  Somers

9    v. Thurman, 109 F.3d 614, 624 (9th Cir.1997); Oltarzewski v. Ruggiero, 830 F.2d 136, 139

10   (9th Cir. 1987)).

11         Further, while Plaintiff designates Count I as a claim for denial of basic necessities,

12   he fails to allege facts to support such a claim.  A prison inmate's claim for unconstitutional

13   conditions of confinement arises under the Eighth Amendment's prohibition against cruel

14   and unusual punishment, Bell v. Wolfish, 441 U.S. 520 (1979), while a pretrial detainee's

15   claim for unconstitutional conditions arises under the Fourteenth Amendment, Frost v.

16   Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, the same standard is applied. See

17   Frost, 152 F.3d at 1128.  To state a claim for unconstitutional conditions of confinement, a

18   plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the

19   minimal civilized measure of life's necessities" and that the defendant acted with deliberate

20   indifference to an excessive risk to inmate health or safety.  Allen v. Sakai, 48 F.3d 1082,

21   1087 (9th Cir. 1994) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)); see  Estate of

22   Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  That is, a plaintiff must

23   allege a constitutional deprivation that is objectively "sufficiently serious" to result in the

24   denial of "the minimal civilized measure of life's necessities."  Farmer, 511 U.S. at 834.

25   "Indigent inmates have the right to personal hygiene supplies such as toothbrushes and soap,"

26   but whether conditions of confinement rise to the level of a constitutional violation may

27   depend, in part, on the duration of an inmate's exposure to those conditions. Keenan v. Hall,

28

1  83 F.3d 1083, 1089, 1091 (9th Cir. 1996) (citing Hutto v. Finney, 437 U.S. 678, 686-87
2  (1978)).

3      Plaintiff has not alleged facts to support when, where, how, by whom, and what
4  necessities he was denied.  Plaintiff also has not alleged facts to support that any *defendant*
5  acted with deliberate indifference to an excessive risk to his health or safety caused by the
6  denial of any necessity.  Accordingly, Plaintiff fails to state a claim in Count I and it will be
7  dismissed.

8      **C.    Count II**

9      Plaintiff designates Count II as a claim for retaliation.  A viable claim of First
10  Amendment retaliation contains five basic elements: (1) an assertion that a state actor took
11  some adverse action against an inmate (2) because of (3) that prisoner's protected conduct,
12  and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that
13  the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate
14  correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines
15  v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show
16  (1) that the prison official acted in retaliation for the exercise of a constitutionally protected
17  right, and (2) that the action "advanced no legitimate penological interest").  The plaintiff has
18  the burden of demonstrating that his exercise of his First Amendment rights was a substantial
19  or motivating factor behind the defendants' conduct.  Mt. Healthy City School Dist. Bd. of
20  Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310,
21  1314 (9th Cir. 1989).

22      In Count II, Plaintiff alleges the following: under jail rules, inmates who engage in a
23  group demonstration will be disciplined.  On January 1, 2013, Plaintiff and several other
24  inmates did not "volunteer" to work and were disciplined for engaging in a group
25  demonstration.  Plaintiff was placed in segregation for seven days.  According to Plaintiff,
26  Sergeant 16493 and Lieutenant Coy failed to properly process Plaintiff's grievances to
27  conceal their own wrongdoing.

28

1    Plaintiff fails to allege facts to support that jail officials retaliated against him for

2    exercising his constitutional rights.  Nor does Plaintiff allege facts to support that such

3    alleged retaliation chilled the exercise of his free speech, or other constitutional rights.

4    Moreover, as discussed above, Plaintiff fails to allege facts to connect the only named

5    Defendant to the claimed violation.  For all of these reasons, Plaintiff fails to state a claim

6    for retaliation and Count II will be dismissed.

7        **D.    Count III**

8    Plaintiff designates Count III as a claim for violation of his First Amendment free

9    speech rights.  An inmate retains First Amendment free speech rights not inconsistent with

10   his status as a prisoner and with the legitimate penological objectives of the corrections

11   system.  See Shaw v. Murphy, 532 U.S. 223, 231 (2001); Clement v. California Dep't of

12   Corr., 364 F.3d 1148, 1151 (9th Cir. 2004).  However, jail personnel may regulate speech if

13   such restriction is reasonably related to legitimate penological interests and an inmate is not

14   deprived of all means of expression.  Valdez, 302 F.3d at 1048 (citing Turner v. Safley, 482

15   U.S. 78, 92 (1986)).  In this case, Plaintiff fails to allege facts to support that his free speech

16   rights were violated in a way inconsistent with his status and legitimate penological

17   objectives.  He accordingly fails to state a First Amendment violation.

18   Plaintiff asserts that he was reprimanded, harassed or intimidated, then disciplined and

19   lost privileges, after he chose not to participate in the Inmate Work Program, which resulted

20   in his placement in segregation for participating in a demonstration.  (Doc. 1, attach at 7.)

21   He also asserts that inmates are shouted at and cursed for expressing opinions and even

22   physically assaulted.  According to Plaintiff, on January 9, 2013, he was placed in the Lower

23   Buckeye Jail with unsentenced inmates to silence him.  Although not without ambiguity,

24   Plaintiff appears to be asserting that he was disciplined after he failed or refused to

25   "volunteer" for work and participated in a group action with other inmates.

26   As an initial matter, under state law, a county sheriff may "require prisoners who have

27   been sentenced to imprisonment in the county jail to perform such labor as he deems

28

necessary, even if the prisoner was not sentenced to hard labor."[2] Ariz. Rev. St. § 31-141(C). Further, absent more, forced physical labor itself is not a constitutional violation. When officials force sentenced inmates to work, the Eighth Amendment is not implicated unless the work itself is beyond the physical strength of the inmate; endangers the life or health of the inmate; or causes the inmate undue pain. Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (citing Howard v. King, 707 F.2d 215, 219 (5th Cir. 1983); Ray v. Mabry, 556 F.2d 881, 882 (8th Cir. 1977)).

Rather than a free speech claim, Plaintiff may be attempting to assert a violation of due process. A *pretrial detainee* has a substantive due process right against restrictions that amount to punishment for a criminal offense. Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987)); Bell v. Wolfish, 441 U.S. 520, 535 (1979); Redman v. County of San Diego, 942 F.2d 1435, 1440-41 (9th Cir.1991) (*en banc*)). This right is violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 535. But jail officials are entitled to impose restrictions to effect confinement, and detention will necessarily affect a detainee's ability to live as comfortably as he might like; a *de minimis* level of imposition is permissible.[3] Id. at 539

---

[2] Further,
no prisoner given a work assignment or required to perform any labor . . . shall be considered an employee or to be employed by the county or the sheriff, regardless whether the prisoner is compensated or not, nor shall an employee-employer relationship exist between the prisoner and the county or sheriff for any purpose and none of the rights or privileges otherwise accorded to employees by law shall accrue to such prisoners.
A.R.S. § 31-141(F).

[3] Thus:
Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial

n.21.    Thus, no unconstitutional punishment occurs when the government imposes restrictions as part of legitimate operational concerns to ensure security and order. Id. at 540. However, imposition of punishment for violation of rules does require the procedural protections described by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974).   Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).   These safeguards are: (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) a written statement by the fact-finder as to the evidence relied on and reasons for the disciplinary action; and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the inmate to do so.  Wolff, 418 U.S. at 565-66.

Liberty interests that entitle a *convicted inmate* to due process are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995) (internal citations omitted). Thus, a prisoner may challenge a disciplinary action which deprives or restrains a state-created liberty interest in some "unexpected manner." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Sandin, 515 U.S. at 483-84)).   Second, a prisoner may challenge a state action that does not restrain a protected liberty interest, but that "nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.  In analyzing whether a hardship is atypical and significant, three guideposts to consider are: (1) the conditions of confinement; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the sanction will affect the

center, the purpose of the facility is to detain.  Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility.  And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

1   duration of the prisoner's sentence.  Ramirez, 334 F.3d at 861; Keenan v. Hall, 83 F.3d 1083,

2   1088-89 (9th Cir. 1996).  "Atypicality" requires not merely an empirical comparison, but

3   turns on the importance of the right taken away from the prisoner.  See Carlo v. City of

4   Chino, 105 F.3d 493, 499 (9th Cir. 1997); see, e.g., Sandin, 515 U.S. at 472 (30 days

5   disciplinary segregation is not atypical and significant); Torres v. Fauver, 292 F.3d 141, 151

6   (3d Cir. 2002) (4 months in administrative segregation is not atypical and significant); Griffin

7   v. Vaughn, 112 F.3d 703, 706-708 (3d Cir. 1997) (15 months administrative segregation is

8   not atypical and significant); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997) (6 months

9   of confinement in especially disgusting conditions that were "more burdensome than those

10  imposed on the general prison population were not atypical ... in relation to the ordinary

11  incidents of prison life."); Jones v. Baker, 155 F.3d 810 (6th Cir. 1998) (2 years in

12  administrative segregation is not atypical and significant); Jacks v. Crabtree, 114 F.3d 983

13  (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship).

14  "As long as the conditions or degree of confinement to which the prisoner is subjected is

15  within the sentence imposed upon him and is not otherwise violative of the Constitution, the

16  Due Process Clause does not in itself subject a convicted inmate's treatment by prison

17  authorities to judicial oversight."  Montanye v. Haymes, 427 U.S. 236, 242 (1976).

18  Therefore, to determine whether a convicted inmate is entitled to the procedural protections

19  afforded by the Due Process Clause, the Court must look to the particular restrictions

20  imposed and ask whether they "'present the type of atypical, significant deprivation in which

21  a state might conceivably create a liberty interest.'" Mujahid v. Meyer, 59 F.3d 931, 932 (9th

22  Cir. 1995) (quoting Sandin, 515 U.S. at 486).  If a protected liberty interest was implicated,

23  a plaintiff must also have alleged the due process safeguards he was denied and by whom.

24  Wolff, 418 U.S. at 565-66.

25      Attachments to the Complaint reflect that Plaintiff was sanctioned for disobeying a

26  direct order – apparently to work – and was sanctioned with seven days in segregation and

27  removed from tent city.   Plaintiff fails to allege facts to support how, when, or by whom he

28  was denied due process.  To the extent that he was sanctioned while serving his criminal

sentence, he fails to allege an atypical and significant hardship.  For these reasons, Plaintiff fails to state a claim for violation of due process.  For the reasons discussed, Plaintiff fails to state a claim in Count III and it will be dismissed.

**V.      Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.     Warnings**

**A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

/      /      /

**B.      Address Changes**

1    Plaintiff must file and serve a notice of a change of address in accordance with Rule

2    83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

3    relief with a notice of change of address.  Failure to comply may result in dismissal of this

4    action.

5    **C.**    **Copies**

6    Plaintiff must submit an additional copy of every filing for use by the Court.  See

7    LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

8    to Plaintiff.

9    **D.**    **Possible "Strike"**

10    Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

11    to file an amended complaint correcting the deficiencies identified in this Order, the

12    dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

13    Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

14    judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

15    occasions, while incarcerated or detained in any facility, brought an action or appeal in a

16    court of the United States that was dismissed on the grounds that it is frivolous, malicious,

17    or fails to state a claim upon which relief may be granted, unless the prisoner is under

18    imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

19    **E.**    **Possible Dismissal**

20    If Plaintiff fails to timely comply with every provision of this Order, including these

21    warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

22    1260-61 (a district court may dismiss an action for failure to comply with any order of the

23    Court).

24    **IT IS ORDERED:**

25    (1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

26    (2)    As required by the accompanying Order to the appropriate government agency,

27    Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

28

(3)     The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 26th day of June, 2013.


David G. Campbell
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

      I hereby certify that a copy of the foregoing document was mailed
      this _____ (month, day, year) to:
      Name:  _____
      Address:_____
              Attorney for Defendant(s)
      _____
      (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)    Plaintiff,    )
)
vs.    )  **CASE NO.** _____
)        (To be supplied by the Clerk)
(1) _____, )
(Full Name of Defendant)    )
(2) _____, )
)    **CIVIL RIGHTS COMPLAINT**
(3) _____, )    **BY A PRISONER**
)
(4) _____, )  ☐ Original Complaint
Defendant(s).    )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.  )  ☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____.  The first Defendant is employed as:
_____at_____.
(Position and Title)                                         (Institution)

2.  Name of second Defendant: _____.  The second Defendant is employed as:
_____at_____.
(Position and Title)                                         (Institution)

3.  Name of third Defendant: _____.  The third Defendant is employed as:
_____at_____.
(Position and Title)                                         (Institution)

4.  Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.

☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies:**

a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No

b.  Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No

c.  Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No

d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities         ☐ Mail         ☐ Access to the court         ☐ Medical care
☐ Disciplinary proceedings  ☐ Property     ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count II?                    ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?          ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

## COUNT III

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count III?        ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?  ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                        DATE                                      SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.